UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: TYLER TEW | ) <br> ) <br> ) Case No. 24-mc-00029-TSC-RMM <br> ) <br> ) <br> ) <br> ) Related Case <br> ) Case No. 22-cr-00027-TSC-RMM <br> ) |

**<u>TYLER TEW'S MEMORANDUM IN OPPOSITION TO PRESS COALITION'S
MOTION TO UNSEAL DOCKET</u>**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

Comes now Defendant Tyler Tew, by and through his counsel of record William L. Shipley, and hereby files this memorandum in opposition to Press Coalition's motion to unseal filings in *United States v. Tyler Tew*, 22-cr-00027. ECF No. ___.

On February 27, 2024 counsel for Press Coalition filed a motion to unseal materials in connection with Defendant Tew's case. The Press Coalition's materials were directed to the incorrect Judge as Defendant Tew opted to have the case reassigned to a magistrate Judge. On March 5, 2024, Judge Chutkin properly reassigned the case back to Judge Merriweather. *See* Minute Order 03/05/2024.

The motion requests this Court to unseal all records not currently open to the public related to the sentencing of Defendant Tyler Tew, including but not limited to: The Government's response to Tew's November 1, 2023 status report (Dkt. 56), and Tew's corresponding reply and motion to seal (Dkt. 57); the Government's sentencing memorandum (Dkt. 58) and Tew's corresponding reply and motion to seal (Dkt. 59); the complete transcript of Tew's November 28, 2023, sentencing hearing; and the Government's response to Tew's motion to modify conditions of probation (Dkt. 65); collectively ("Sealed Judicial Records"). *See* ECF No. 1, Attachment 1, Pg.1.

Press Coalition relies on First Amendment claims in their assertion for the unsealing of the Sealed Judicial Records. For the reasons set forth below, those arguments fail and the records should remained sealed.

"The starting point in considering" an application like this "is a strong presumption in favor of public access to judicial proceedings." *Hardaway v.*

*D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the document(s);

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing Hubbard, 650 F.2d at 317–22).

1. Need for Public Access

The first factor, "the need for public access to the documents at issue," weighs heavily in favor of keeping the materials sealed. "[T]he public has an especially strong interest in reviewing documents 'specifically referred to in the trial judge's public decision.'" Vanda Pharms., Inc. v. Food & Drug Admin., 539 F. Supp. 3d 44, 52 (D.D.C. 2021) (citation omitted); In re Grand Jury Subpoena, Judith Miller (Miller I), 438 F.3d 1138, 1140 (D.C. Cir. 2006). That is not the case here. The Court noted in the sealed hearing that the information that is the subject of the sealed materials was largely irrelevant to the crimes to which Mr. Tew pled guilty and played little or no role in the

3

Court's decision-making with regard to the sentence imposed. Because the materials at issue were not significant to the Court's considerations in deciding the Mr. Tew's sentence, there is no public interest in their disclosure as part of his criminal case file.

    2)    <u>Extent of Previous Public Access</u>.

The second factor, "the extent of previous public access" weighs heavily in favor of keeping the materials sealed. As the Court knows, the subject-matter of the sealed material was never made part of any public filing by either party. It was initially raised by the Government in direct communication with defense counsel. The first reference to the material directed to the Court was in a sealed filing. In response, the Court directed the parties that all subsequent filings on the subject should be sealed. Thus, nothing regarding the issues that were disputed was ever set forth in a public filing. In fact, many materials regarding sentencing in criminal matters are not made public -- such as PSRs.

As the Court knows, the issues raised were vigorously contested on the issue of factual accuracy. Given that the allegations are factually unrelated to January 6, and the issue of the factual accuracy cannot be resolved,

The materials that were related to this case and were subject to the consideration of the Judge when imposing the sentence were made publicly available.

    3)    <u>A Party's Effort To Seal The Material</u>.

The third factor, "the fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  As referenced above, Defendant Tew moved to seal all filings based on the nature of the information and the Court agreed.  The justification for doing so remains the same now as it was then.

    4)    <u>The Property or Privacy Interests Involved</u>.

The fourth factor, "the strength of any property and privacy interest asserted," weighs heavily in favor of having the materials remain sealed.  As the Court knows, the privacy interests of the Defendant are self-evident.  An investigation into the issues went nowhere and was abandoned.  Beyond a single interview, no further investigative steps were taken or planned.  Public disclosure of the nature of the sealed materials would risk unwarranted and unjustified embarrassment to the Defendant on an issue that played no role in his conviction or sentence.

    5)    <u>Prejudice To Party Opposing Disclosure</u>.

In this instance, the fifth factor, "prejudice to the party opposing disclosure," is closely related to the fourth factor above as the issues concern matters involving a paramount privacy interest.  This factor weighs heavily in favor of keeping the materials sealed.

Disclosure would result in serious prejudice in the form of public embarrassment, ridicule, and humiliation – all in connection with matters about which there was a strident factual dispute over the relevance as expressed by the Government.  The certainty of such prejudice weighs heavily in favor of keeping the materials sealed.

6) <u>Purposes for Which Documents Were Used</u>.

The sixth factor, "purposes for which the documents were introduced," weighs heavily in favor of keeping the materials sealed. The Government sought to make issue of the sealed materials as part of attempting to justify a custodial sentence by claiming the material represented "other illegal activity." But the facts were that the "investigation" involved a single interview by local police followed by the file being closed. The transparent purpose behind the effort to use this material as "criminal activity" was to put it into the public discourse and to inflame the Court. The Government was seeking to justify its request for a custodial sentence in a case involving only misdemeanor offenses where the Defendant was inside the Capitol for less than two minutes.

Based on the foregoing, this Court should deny the Press Coalition's Motion to Unseal Sentencing Materials.

Dated: March 28, 2024                Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*