UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 24-mc-29 |
| | : | |
| **TYLER TEW** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| **PRESS COALITION** | : | |
| **Intervenors.** | : | |

### UNITED STATES' PARTIAL OPPOSITION TO
### THE PRESS COALITION'S MOTION TO UNSEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby partially opposes the third-party intervenor's ("Press Coalition") Motion to Unseal. Specifically, the government opposes the Press Coalition's Motion to Unseal the Government's Response to defendant's November 1, 2023 status report (Dkt. Entry 56), defendant's reply and motion to seal (Dkt. Entry 58), and the complete transcript of the November 28, 2023, sentencing hearing. Each of these filings contains private information pertaining to third parties and/or information relating to an ongoing investigation, and therefore, the filings should remain sealed. However, the government only partially opposes the Motion to Unseal the government's sentencing memorandum (Dkt. Entry 58), defendant's reply (Dkt. Entry 59) and the government's response to defendant's motion to modify conditions of probation (Dkt. No. 65) and asks that the parties be permitted to file redacted versions of these documents, removing any private information pertaining to third parties and/or information about ongoing investigations.

1

## ARGUMENT

### A. The common-law right-of-access balancing test weighs against the public release of sealed proceedings and documents to the extent they exist.

The common-law right of access to judicial records does not apply to all items filed with a court. *See SEC v. Am. Int'l Group*, 712 F.3d 1, 3 (D.C. Cir. 2013). Rather, "whether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *Id.* (quoting *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997)). When, for example, items "are 'intended to influence' the court and the court 'ma[kes] decisions about them[,']" *Leopold v. United States*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017)), then they are judicial records. Here, the parties do not dispute that any plea agreement, judgment, transcript of any sentencing hearing, and sentencing memoranda are judicial records.

Because a number of the documents are judicial records, "there is a 'strong presumption in favor of public access'" to them. *Leopold*, 964 F.3d at 1127 (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). However, "that presumption may be outweighed by competing interests." *Id.* The court has broad discretion to weigh private interests against the public's right of access. *See e.g.*, *In re Nat'l Broadcasting Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981) ("Because of the difficulties inherent in formulating a broad yet clear rule to govern the variety of situations in which the right of access must be reconciled with legitimate countervailing public or private interests, the decision as to access is one which rests in the sound discretion of the trial court."). As the Supreme Court has noted, trial courts have discretion to find exception to the tradition of public access:

> Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a

court to insure that its records are not "used to gratify private spite or promote public scandal" …

*Nixon v. Warner Communications,* 435 U.S. 589, 598 (1978).

To weigh competing interests, the D.C. Circuit uses the six-factor "*Hubbard* test" that "has consistently served as [its] lodestar' for evaluating motions to seal or unseal judicial records[.]" *Id.* (quoting *MetLife*, 865 F.3d at 666). Thus, in this jurisdiction, "when a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.'" *MetLife*, 865 F.3d at 665 (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

Applying the six-factor *Hubbard* test weighs in favor of keeping portions of the defendant's sentencing and associated judicial records from defendant's sentencing from being released to the public at this time.

    A.  *The need for public access to the documents at issue*

"A district court weighing the first factor should consider the public's need to access the information that remains sealed, not the public's need for other information sought in the overall lawsuit." *CNN, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021). The portions of the documents sought here have *not* "been introduced as evidence of guilt or innocence." *Hubbard*, 650 F.2d at 317. Accordingly, this factor weighs against disclosure.

    B.  *The extent of previous public access to the documents*

The documents at issue here have never been made public. "The investigation of criminal activity has long involved imparting sensitive information to judicial officers who have respected

the confidentialities involved." *United States v. U.S. Dist. Court*, 407 U.S. 297, 320-21 (1972). Here, the Court was acting well within its power in allowing the parties to make these filings and arguments under seal; this allowed the Court to consider this information without jeopardizing then-ongoing investigations and exposing personal private information.

The Court has an interest in protecting the identity and privacy rights of those individuals described in the sealed documents; to unseal these documents would do significant harm to those individuals and could harm future investigations. As former Chief Judge Howell stated in a similar case seeking the unsealing of search warrant materials, "[s]etting aside the troubling suggestion that unauthorized disclosures from law enforcement agents or the USAO have the effect of extinguishing the privacy, reputational, and due process interests of uncharged third parties, the fact remains that the documents the *Post* seeks are not publicly available and the *Post's* reporting to date offers scant information regarding their supposed contents." *In re WP Co., LLP*, 201 F. Supp. 3d 109, 130 (D.D.C. 2016).

Because the sealed records sought by the Press Coalition have never been publicly released, this factor weighs against disclosure.

   C. *The fact that someone has objected to disclosure*

While the defendant has yet to file a position on the Press Coalition's pending motion, the government anticipates that he will oppose the motion, consistent with his previous motions to seal these materials. The objection by the target of the investigation is "an obvious but important consideration." *Hubbard*, 650 F.2d at 319. Thus, this factor weighs against disclosure.

   D. *The strength of any property and privacy interests asserted*

As set out above, the sealed materials relate to the privacy interests of individuals who are not parties to this case. The government also believes that at least some of these individuals may

not be aware of their involvement. Thus, disclosure of the materials may expose personal information of unknowing and innocent individuals. The privacy interests of these third parties, are therefore, very strong and counsel against full disclosure.

      E. *The possibility of prejudice to those opposing disclosure*

The government's interest in preserving the integrity of other investigations also weighs against disclosure. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (claim of law enforcement privilege "proper" concern in determining whether to allow common law access to judicial documents). "If release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995). Government counsel is further required to protect these interests, and further has an obligation to avoid publicity that might prejudice any person or party, particularly where no criminal charges related to the sealed material have been brought. *See, e.g.,* Local Criminal Rule 57.5(b) (2) ("With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in or associated with the investigation shall refrain from making any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication, that goes beyond the public record or that is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers, or otherwise to aid in the investigation"); United States Department of Justice, Justice Manual, §1-7.400 ("DOJ generally will not confirm the existence of or otherwise comment about ongoing investigations. Except as provided . . . DOJ personnel shall not respond to questions about the existence of an ongoing investigation or comment on its nature or progress before charges are publicly filed"); *id.* at 1-7.410 ("DOJ ordinarily does not confirm or deny the

existence of an investigation"); D.C. Bar Rules of Professional Responsibility 3.6 (Trial publicity) and 3.8(f) (prohibited extrajudicial comments by prosecutor).

This factor also weighs against disclosure.

*F. The purposes for which the documents were introduced*

The sought-after documents do not establish the defendant's guilt of the charged crimes and his sentence therefor, and thus, this factor weighs against disclosure. In fact, these materials do not relate in any way to the events at the U.S. Capitol on January 6, 2021 but instead relate to possible actions taken by the defendant separate and apart from any involvement in that event.

**B. Some materials can be filed as redacted.**

The government believes that the government's sentencing memorandum (Dkt. Entry 58), the defendant's reply (Dkt. Entry 59) and the government's response to the defendant's motion to modify conditions of probation (Dkt. Entry 65) can be filed as redacted. Each of these filings includes information that does not implicate the privacy interests of third party and/or relate to ongoing investigations and therefore, should be accessible to the public. Therefore, the government asks the Court to order the parties to file redacted copies of these filings.

## CONCLUSION

The Court has the inherent power to seal court filings when appropriate when there is a compelling governmental interest to do so. See *Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991; *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). An overriding interest overcomes the qualified First Amendment right-of-access in this matter – with the exception of the portions of filings identified above – and on balance, the *Hubbard* factors weigh against disclosure of specified judicial records sought by the Press Coalition.

WHEREFORE, the government asks that the Press Coalition's Motion to Unseal be denied in part and granted in part.

Respectfully submitted,
MATTHEW GRAVES
UNITED STATES ATTORNEY
DC Bar No.: 481052

*/s/ Kelly E. Moran*
KELLY E. MORAN
KAITLIN KLAMANN
Assistant United States Attorneys
