IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE TYLER TEW | Case No: 24-mc-29-TSC-RMM |

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF THE PRESS COALITION'S MOTION TO UNSEAL**

The Press Coalition respectfully submits this reply memorandum in further support of its motion (Dkt. 1) to unseal all records not currently open to the public related to Defendant Tyler Tew's sentencing in *United States v. Tew*, No. 22-cr-27-TSC-RMM.  Tew concedes in his opposition (Dkt. 3, "Tew Opp.") that the public has a presumptive right of access to these filings (the "Sealed Judicial Records"), and his arguments against unsealing actually show why <u>more</u> transparency is needed in this case.

The Government also does not dispute in its opposition (Dkt. 4, "Gov't Opp.") that the Sealed Judicial Records are presumptively public.  Yet it opposes unsealing its response to Tew's November 1, 2023 status report (Dkt. 56), Tew's reply and motion to seal (Dkt. 58), and the complete transcript of the November 28, 2023 sentencing hearing.  The Government also concedes that three of the Sealed Judicial Records should be unsealed, but it "asks that the parties be permitted to file redacted versions of these documents, removing any private information pertaining to third parties and/or information about ongoing investigations."  *Id.*

The Court should grant the Press Coalition's motion and overrule the parties' blanket objections to access.  To the extent that any redactions are necessary to protect compelling interests, the Press Coalition respectfully requests that the Court examine the proposed redactions *in camera* to ensure they are narrowly tailored and no greater than necessary to preserve those interests.

**ARGUMENT**

I.    **The Court Should Release The Records Under The Constitutional Right of Access.**

As the Press Coalition has explained, because the First Amendment right of access applies to the Sealed Judicial Records, they can remain sealed only if the party opposing access demonstrates that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." Mem. in Supp. of Press Mot. to Unseal ("Press Mem.") at 5-8 (Dkt. 1-1) (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986) ("*Press-Enterprise II*")). That would require showing both "a substantial probability" of harm that "closure would prevent" and that "reasonable alternatives to closure cannot adequately protect" against that harm. *Id.*

Tew and the Government acknowledge that the Press Coalition has asserted the First Amendment right of access here, *see* Tew Opp. at 2; Gov't Opp. at 6, but they completely fail to address – let alone dispute – that argument. Instead, their opposition briefs address the separate common law right of access. *See generally* Tew Opp. & Gov't Opp. Tew and the Government err on the common law right of access, as discussed below, but in failing even to contest the First Amendment right of access argument, they concede it. *See, e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a [party] files an opposition to a motion . . . addressing only certain arguments raised by the [movant], a court may treat those arguments that the [party] failed to address as conceded."). The Court can grant the access motion in full on that basis.

Moreover, the parties' arguments on the common law fail First Amendment standards. First, the only interest in continued secrecy that Tew asserts is his fear of "embarrassment." Tew Opp. at 5. But "[a]n unsupported claim of reputational harm falls short of a compelling interest sufficient to overcome the strong First Amendment presumptive right of public access." *Doe v.*

*Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records."). Second, Tew does not even try to explain why narrow redactions to the records currently sealed in full would be insufficient to protect his purported interests. *See In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (because restrictions on First Amendment right of access must be narrowly tailored, courts ask whether "protecting [higher values] can be accomplished by means less restrictive than prohibiting access . . . altogether"). The Government likewise fails to address this point as to the three records it seeks to keep fully sealed.

Tew and the Government thus fail to carry their heavy burden under the First Amendment access test: they do not identify a higher interest that sealing is essential to protecting and they do not demonstrate that sealing is narrowly tailored to protecting that interest. The Court should therefore grant the Press Coalition's motion pursuant to the First Amendment right of access.

II.     The Court Should Release The Records Under The Common Law Right Of Access.

Even if the Court were to reach the common law right of access and apply the D.C. Circuit's six-factor *Hubbard* test,[1] the parties likewise fails to carry their burden of rebutting the "strong presumption" in favor of public access to the Sealed Judicial Records. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017) (Garland, J.).

---

[1] Those factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

**Factor 1:** This factor addresses "the need for public access to the documents at issue," *Hubbard*, 650 F.2d at 317-18, and it weighs in favor of public access here. According to Tew, the Sealed Judicial Records relate to materials that (1) allegedly "represented 'other illegal activity'"; (2) were the subject of a police investigation; and (3) the Government referenced in "seeking to justify its request for a custodial sentence." Tew Opp. at 6. Indeed, Tew concedes that "[t]he public has an especially strong interest in reviewing documents 'specifically referred to in the trial judge's public decision,'" *see id*. at 3 (quoting *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 52 (D.D.C. 2021)), and this Court stated on the public record that it "did consider" the issues discussed and briefed under seal in determining what sentence to impose on Tew, *see* Press Mem. Ex. A at 52:3-11 (Dkt. 1-2). Tew further argues that the sealed information "played little or no role in the Court's decision-making with regard to the sentence imposed," *see* Tew Opp. at 3-4, but the D.C. Circuit has explained that the public need for access in these circumstances is great precisely because "[w]ithout access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *MetLife*, 865 F.3d at 668.

The Government claims this factor weighs in favor of secrecy because the records were not "introduced as evidence of guilt or innocence," *see* Gov't Opp. at 4, <u>but the records were introduced and considered when the Court decided Tew's sentence</u>, *id.* Factor 1 of the *Hubbard* test thus favors disclosure. *See United States v. Rukstales*, 2021 U.S. Dist. LEXIS 264338, *3 (D.D.C. Nov. 24, 2021) (finding need for public access to records shown during sentencing hearing, which would shed light on "the government's prosecutorial decision-making both in bringing criminal charges and resolving these charges by entering into plea agreements with defendants") (cleaned up).

4

**Factor 2:**  This factor considers "the extent of previous public access to the documents." *Hubbard*, 650 F.2d at 319.  Contrary to the Government's and Tew's argument, this factor also weighs in favor of access given the Court's statement that some of the sealed information "closely mirrors <u>public</u> statements the Court made at the Sentencing."  Jan. 30, 2024 Minute Order (emphasis added).

**Factor 3:**  This factor considers "the fact that someone has objected to disclosure." *Hubbard*, 650 F.2d at 319-22.  Here, Tew alone has objected to the disclosure of information solely concerning him, which means that Factor 3 favors public access as to that information.[2] *See Jackson*, 2021 WL 1026127, at *7 (that "[t]he only party to object here is the defendant, not any third party, favors disclosure"); *In re Application for Access to Certain Sealed Video Exhibits*, 546 F. Supp. 3d 1, 7 (D.D.C. 2021) (same).

**Factors 4 and 5:**  These factors, which are often addressed together,[3] consider "the strength of [any] property and privacy interests asserted" and the "possibility of prejudice" to the party objecting to access.  *Hubbard*, 650 F.2d at 319-22.  Here, Tew claims that access to the Sealed Judicial Records would embarrass him.  Tew Opp. at 5.  But "the D.C. Circuit has narrowly construed the privacy interests that would justify sealing the record, limiting them to documents that would reveal the intimate details of individual lives, sexual or otherwise—a higher standard than mere embarrassment."  *In re Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 27 (D.D.C. 2022) (cleaned up).

---

[2] The Government objects to the disclosure of information about "individuals who are not parties to this case," Gov't Opp. at 4-5, but not disclosure of any information about Tew alone.

[3] *See, e.g.*, *United States v. Jackson*, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021) ("The fourth and fifth *Hubbard* factors are considered together since, here, defendant's privacy and prejudice-related interests are the basis for his objection to disclosure and request for sealing."); *United States v. Torrens*, 560 F. Supp. 3d 283, 293 (D.D.C. 2021) (same).

The Government states that "the sealed materials relate to the privacy interests of individuals who are not parties to this case" and who "may not be aware of their involvement." Gov't Opp. at 4-5.  It also asserts an interest "in preserving the integrity of <u>other</u> investigations." *Id.* (emphasis added) (claiming it "has an obligation to avoid publicity that might prejudice any person or party, particularly where no criminal charges related to the sealed material have been brought").  But the Government fails to explain why limited redactions would not protect such identifying information about these third parties in the records it seeks to keep sealed in full.

**Factor 6:**  This final factor considers the purpose for which the records were introduced, *see Hubbard*, 650 F.2d at 319-22, and here Tew concedes that the Government provided the Court with the information contained in the Sealed Judicial Records <u>for the express purpose of persuading the Court to impose "a custodial sentence" on him</u>, *see* Tew Opp. at 6; *see also* Gov't Opp. at 3 (acknowledging the Sealed Judicial Records are from Tew's sentencing as well as "associated judicial records").  The factor thus tips in favor of public access as well.  *See United States v. Puma*, 666 F. Supp. 3d 7, 17 (D.D.C. 2023) (factor supports disclosure where government submitted records to influence the Court's decision "relative to sentencing").

In sum, the *Hubbard* test leads to the clear conclusion that the Press Coalition should receive greater access to the Sealed Judicial Records without delay.

## CONCLUSION

For the foregoing reasons and those stated in its motion, the Press Coalition respectfully requests that the Court grant access to the Sealed Judicial Records and authorize only those limited redactions that are narrowly tailored to protect the privacy interests of third parties.

Dated:  April 9, 2024                    Respectfully submitted,

BALLARD SPAHR LLP

<u>/s/ *Charles D. Tobin*</u>
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren P. Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*