UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 24-mc-29 |
| | : | |
| TYLER TEW, | : | |
| | : | |
| Defendant, and | : | |
| | : | |
| PRESS COALITION, | : | |
| | : | |
| Intervenors. | : | |

**UNITED STATES' SUPPLEMENT TO PARTIAL
OPPOSITION TO MOTION TO UNSEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its supplement to its Partial Opposition to the Press Coalition's Motion to Unseal in response to the Court's May 8, 2024 Minute Entry. As set out below, the government maintains its position with respect to the Press Coalition's Motion to Unseal even under the analysis required by the First Amendment right to access. The government respectfully requests that the Court maintain the seal on the government's response to the status report (Dkt. Entry 56) and portions of the sentencing transcript in this case. However, the government asks the Court to require the parties to file redacted versions of their sentencing memoranda (Dkt. Entries 58 and 59) and the government's response to defendant's motion to modify conditions of probation (Dkt. Entry 65).

**ARGUMENT**

As set out in the government's initial opposition brief, the common-law right of public access to judicial records does not require that all the materials be unsealed in this case. The same

1

is true under the First Amendment right of access to criminal proceedings. Accordingly, and consistent with the qualified First Amendment right of access, the government maintains its position that certain materials may be unsealed in this case, but that others should remain sealed.

As the Supreme Court has recognized, the First Amendment right to access is not an absolute right, but rather a "qualified" or "presumptive" right. *See e.g.*, *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982). The first question is whether the First Amendment right of access applies to a particular proceeding. The Supreme Court established a two-part inquiry on this question that asks: (1) whether the place and process have historically been open to the press and the general public; and (2) whether public access plays a significant positive role in the functioning of the particular process. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 7-9 (1986). *See also United States v. El-Sayegh*, 131 F.3d 158, 160 (D.C. 1997) ("The First Amendment guarantees the press and the public access to aspects of court proceedings, including documents, 'if such access has historically been available, and serves an important function of monitoring prosecutorial or judicial misconduct.'") (quoting *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1992). Lower courts and courts in this district have found that there is a First Amendment qualified right of access to sentencing hearings and sentencing memoranda. *See e.g.*, *United States v. Harris*, 204 F. Supp. 3d 10, 14-15 (D.D.C. 2016) (collecting cases).

However, even if there is a qualified First Amendment right to access, proceedings can be closed, and materials kept under seal if there is "a compelling interest in keeping the materials secret." *In re Application of New York Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 90 (D.D.C. 2008) (citing *Globe Newspaper Co.*, 457 U.S. 596, 606 (1982)). *See also Robinson*, 935 F.2d at 290 ("[T]he presumption of public access to these materials may be

overridden only if the government demonstrates that '(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"). For the same reasons as set out in its original Partial Opposition, certain materials or certain portions of materials should remain sealed because sealing "serves a compelling interest," namely, the protection of innocent third parties and an ongoing criminal investigation. See *e.g.*, *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (finding that letters written by third parties are "judicial documents" subject to the common law right of access but that "the privacy interests implicated by disclosure [of third party information] may overcome the presumption of public access."); *United States v. Kushner*, 349 F. Supp. 2d 892, 908 (D.N.J. 2005) (holding that letters by third parties in support of sentencing should remain sealed and noting that "a compelling third-party interest in reputation and privacy … depending on the nature of the risk to this interest, can satisfy even the considerably more exacting standard of the First Amendment right to access"). As to the second and third prongs of the *Robinson* test, if the information were to be disclosed, there is no question that third parties and the ongoing criminal investigation would be negatively impacted and there is no alternative to sealing/redaction that could protect these interests. *See* Government's Partial Opposition, Dkt. Entry 4 at 4-5.

## **CONCLUSION**

For all these reasons, the government maintains its Partial Opposition to the Press Coalition's Motion to Unseal. Under both the common law and First Amendment rights to free access, certain materials or proceedings can be unsealed in this case and the government asks the Court to order the parties to file redacted copies of docket entries 58, 59 and 65. However, the government requests that information pertaining to innocent third parties and to ongoing

investigations remain sealed, including docket entry 56 and portions of the sentencing hearing transcript.

                                                        Respectfully submitted,
MATTHEW GRAVES
UNITED STATES ATTORNEY
DC Bar No.: 481052

*/s/ Kaitlin Klamann*
KELLY E. MORAN
KAITLIN KLAMANN
Assistant United States Attorneys