UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | Case No. 24-mc-00029-RMM |
| | ) | |
| **TYLER TEW,** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO COURT ORDER**

                                                          William L. Shipley, Jr., Esq.
                                                          PO Box 745
                                                          Kailua, Hawaii 96734
                                                          Tel: (808) 228-1341
                                                          Email: 808Shipleylaw@gmail.com

                                                          *Attorney for Defendant*

NOW COMES, Defendant Tyler Tew, by and through his undersigned counsel or record, William L. Shipley, and respectfully files this response to the Court's order regarding the unsealing of sentencing materials as related to Defendant Tew.

In *Press-Enter. Co. II v. Super. Ct.*, 478 U.S. 1, 13-14 (1986)[*Press-Enter II*], the Supreme Court addressed the issue of public access and knowledge about a particular hearing in the California criminal trial process -- a preliminary hearing in a state murder prosecution.

The trial court conducted a 41-day preliminary hearing that was closed to the press and public, and then sealed the transcript after the defendant was charged with 12 counts of murder.

First the Supreme Court recognized that historically there has been public access to the kind of preliminary hearing that was conducted in the California trial court, and that such access to those hearings played a positive role in the actual functioning of the process by making the public aware that the criminal justice system was working as expected.  *Id.* at 11-12.

> Denying the transcript of a 41-day preliminary hearing would frustrate what we have characterized as the "community therapeutic value" of openness. *Id.* [*Richmond Newspapers, Inc. v. Virginia*, 448 U. S. 555 (1980)] 448 U. S. at 570. Criminal acts, especially certain violent crimes, provoke public concern, outrage, and hostility.
> "When the public is aware that the law is being enforced and the criminal justice system is functioning, an outlet is provided for these understandable reactions and emotions."

*Id.*, at 13, quoting [*Press-Enterprise Co. v. Superior Court*, 464 U. S. 501 (1984)] *Press-Enterprise I,* 464 U.S. at 509.

The facts of *Press-Enter II* are inapposite to the facts before the Court with respect to Mr. Tew and the collateral material that remains under seal in this case. As noted, *Press-Enter II* addressed whether the public access to a preliminary hearing in California could be cut-off entirely given the importance of that particular proceeding to public confidence in the functioning of the criminal justice process. Not only was the public's interest and reporting on the case was hindered, it was frustrated in its entirety which worked not only to the disadvantage of the public, but also the detriment of the system that functions best when public confidence in the system is high. That was not the case with regard to this case.

As noted in Mr. Tew's initial opposition, there is long-established case law in this Circuit concerning the sealing of specific case materials – in this particular case, after sentencing was over and the criminal justice process was concluded. The case and the sentencing hearing were resolved on the merits in open courtroom proceedings and nearly all of the materials involved are a matter of public record.

As the Court knows, the materials under seal involve a collateral issue unrelated either in time or substance to the offenses to which Defendant Tew pled guilty and was sentenced. Nothing in the sealed materials relates to the events of January 6, 2021, nor do they relate to relevant conduct before or after January 6, 2021. As the Court is aware, the material was vigorously disputed with regard to both the accuracy and relevance – most particularly with regard to what the defense argued were unwarranted and inaccurate factual assumptions made by the Government. Ultimately, the Court determined that

the disputed information was of only marginal relevance and in the context of the entire case did not influence the Court in its determination of the appropriate sentence.  Thus, it played no role in the outcome of the case, and the press' reporting as to the merits of the case have not be frustrated as was true in *Press-Enter*.

Whether to seal specific materials in a case is a matter left to the sound discretion of this Court.  *Hardaway v. Dist. of Columbia Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016).  The Circuit Court established a six-part analysis more than 40 years ago in *United States v. Hubbard*, 650 F.2d 293, 317-22, (D.C. Cir. 1980) to guide this Court in the exercise of that discretion.  The point of the analysis is to separate court business from the private affairs of the parties that are not necessary to the public's understanding of the case.

> A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions. Other portions of the record — such as documents filed with the court or introduced into evidence — often have a private character, diluting their role as public business.

*Equal Emp. Opp. Comm. v. Nat. Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

The holding of *Press-Enterprise I* does not change the applicability of the six-part analysis.  The factual issue in *Press-Enterprise I* – cutting off the public of <u>all information</u> about a crucial stage of the criminal justice system in the California trial court – bears no resemblance to what trial courts in this Circuit have done based upon the appropriate showing under *Hubbard,* i.e., placing specific limited material under seal based on the six-part analysis to determine

whether the material is more accurately characterized as records of a public institution or private information unnecessarily included in a court filings.

This Court has done what the Circuit Court requires to justify keeping the material under seal, and *Press-Enterprise II* does not require more. The issues that involved the specific merits of Mr. Tew's case were discussed in open court and all the materials relevant to the merits and the Court's decisions are accessible to the public. The <u>only</u> unavailable materials were collateral, raised by the Government at the "eleventh hour" just prior to sentencing, having no relationship to the offense conduct or relevant conduct, were vigorously disputed with respect to the accuracy and relevance, and if disclosed now would be prejudicial and embarrassing to persons not involved in the case. Therefore, the public right to access and reporting on the merits of this case have not been impeded by the unavailability of the material that remains under seal.

## Conclusion

Based thereon, this Court should not unseal the materials previously placed under seal.

Dated: May 20, 2024                    Respectfully submitted,

 

_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com