**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE TYLER TEW | Case No: 24-mc-29-TSC-RMM |

**SUPPLEMENTAL REPLY IN FURTHER SUPPORT
OF THE PRESS COALITION'S MOTION TO UNSEAL**

The Press Coalition respectfully submits this supplemental reply in further support of its motion (Dkt. 1) to unseal all records not currently open to the public related to Defendant Tyler Tew's sentencing in *United States v. Tew*, No. 22-cr-27-TSC-RMM.  At the Court's direction, *see* Minute Order of May 8, 2024, Tew and the Government recently submitted supplemental briefs addressing the First Amendment right of access to these court records (the "Sealed Judicial Records").  *See* Dkt. 6 ("Gov. Suppl. Mem."); Dkt. 7 ("Tew Suppl. Mem.").  The Press Coalition now offers these five supplemental points to its motion and principal reply (Dkt. 5):

**First**, in their latest filings, the Government and Tew do not dispute, and thus concede, that the First Amendment right of access applies to the Sealed Judicial Records.

**Second**, the Government correctly acknowledges that, because the First Amendment right of access applies to the Sealed Judicial Records, they must be unsealed absent a showing that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984); Gov. Suppl. Mem. at 2-3.  That would require demonstrating, sufficiently to permit the Court to make "specific findings," both "'a substantial probability that, in the absence of closure, this compelling interest would be harmed'" and that "'there are no alternatives to closure that would adequately protect the compelling interest.'"  Gov. Suppl. Mem. at 2-3 (quoting *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991)).

**Third**, having acknowledged the First Amendment standard, the Government fails to satisfy it.  The Government seeks to continue withholding portions of the Sealed Judicial Records in the interest of "the protection of innocent third parties and an ongoing criminal investigation."  Gov. Suppl. Mem. at 3.  As to third parties, however, the Government does not explain how release would actually affect them.  In its prior brief, the Government stated that "the sealed materials relate to the[ir] privacy interests" such that disclosure "may expose personal information," *see* Dkt. 4 at 4-5, and the Press Coalition subsequently explained that "'the D.C. Circuit has narrowly construed the privacy interests that would justify sealing the record, limiting them to documents that would reveal the intimate details of individual lives, sexual or otherwise—a higher standard than mere embarrassment.'"  *See* Dkt. 5 at 2-3 (quoting *In re Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 27 (D.D.C. 2022)); *see also Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014) ("An unsupported claim of reputational harm falls short of a compelling interest sufficient to overcome the strong First Amendment presumptive right of public access.").  The Government does not dispute that it must satisfy that "higher standard than mere embarrassment," nor does it even attempt to do so.

Likewise, as to an ostensibly ongoing investigation, the Government offers only the vague and conclusory assertion that it "would be negatively impacted" by release of the Sealed Judicial Records.  Gov. Suppl. Mem. at 3.  That, again, is far short of the Government's burden to provide the factual predicate for "specific findings . . . made on the record that sealing . . . is essential to preserve an overriding compelling interest and is narrowly tailored to serve that interest."  *Robinson*, 935 F.2d at 292.  The Government's claim that the Sealed Judicial Records relate to an ongoing investigation also conflicts with Tew's assertion that "[a]n investigation into the issues went nowhere and was abandoned," and that "[b]eyond a single interview, no further

investigative steps were taken or planned." *See* Dkt. 3 at 5.  The Government does not explain

that discrepancy.

**Fourth**, Tew errs in asserting that this First Amendment right of access standard "does

not require more" to keep court records sealed than satisfying the six-factor test set out in *United*

*States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).  Tew Suppl. Mem. at 5-6.  In *Hubbard*, the

D.C. Circuit addressed the common law right of access, not the First Amendment right of access,

and the D.C. Circuit has subsequently noted "the different and heightened protections of access

that the first amendment provides over common law rights."  *Robinson*, 935 F.2d at 288.

**Fifth**, Tew errs in arguing that the need for public access to the Sealed Judicial Records

is somehow reduced because they contain information that was "raised by the Government at the

'eleventh hour' just prior to sentencing, having no relationship to the offense conduct or relevant

conduct," that was "vigorously disputed with respect to [its] accuracy and relevance," and which

"did not influence the Court in its determination of the appropriate sentence."  Tew Suppl. Mem.

at 3-5.[1]  As the Second Circuit has observed, "If the rationale behind access is to allow the public

an opportunity to assess the correctness of the judge's decision," then "documents that the judge

*should* have considered or relied upon, but did not, are just as deserving of disclosure as those

that actually entered into the judge's decision."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d

110, 123 (2d Cir. 2006) (emphasis in original).  For its part, the Government represented to the

Court that information in the Sealed Judicial Records was indicative that Tew "is at a higher risk

of recidivism [and] does not respect the law and is in greater need of specific deterrence."  *See*

Dkt. 1-2 at 32:16-21.  The public thus has a *powerful* interest in access to the Sealed Judicial

---

[1] To be clear, the Court stated that it "*did* consider" the issues discussed and briefed under
seal in determining what sentence to impose on Tew.  *See* Dkt. 1-2 at 52:3-11 (emphasis added).

Records so that the public can assess, for itself, the correctness of the Court's decision not to impose a custodial sentence and the correctness of the Government's decision to seek a custodial sentence in the first place.

$$* \quad * \quad * \quad * \quad *$$

Even with the additional bites at the apple of their supplemental briefs, Tew and the Government still have failed to carry their heavy burden under the First Amendment right of access.  They do not identify, with the specificity required, a higher interest that sealing is essential to protecting, and they do not demonstrate that sealing is narrowly tailored to protecting that interest.  The Court should therefore grant the Press Coalition's motion pursuant to the First Amendment right of access.

## CONCLUSION

For the foregoing reasons and those stated in its prior briefing, the Press Coalition respectfully requests that the Court promptly grant access to the Sealed Judicial Records.

Dated:  May 28, 2024          Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren P. Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*